1

```
 1                  UNITED STATES DISTRICT COURT
 2              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
 3


 4
     UNITED STATES OF AMERICA
 5

 6       -VS-                    DOCKET NO. 1:16-CR-00065-ELR-CMS

 7
     ASHA R. MAURYA,
 8

 9           DEFENDANT.

10

11
                    TRANSCRIPT OF PLEA PROCEEDINGS
12            BEFORE THE HONORABLE ELEANOR L. ROSS
                    UNITED STATES DISTRICT JUDGE
13                        MAY 11, 2017

14
     APPEARANCES:
15
     ON BEHALF OF THE GOVERNMENT:
16
             JOHN RUSSELL PHILLIPS, ESQ.
17           ASSISTANT UNITED STATES ATTORNEY

18           STEVE MCCLAIN, ESQ.
             ASSISTANT UNITED STATES ATTORNEY
19
             LYNSEY MORRIS BARRON, ATTORNEY AT LAW
20           ASSISTANT UNITED STATES ATTORNEY

21   ON BEHALF OF THE DEFENDANT:

22           PAGE ANTHONY PATE, ESQ.

23

24   ELIZABETH G. COHN, RMR, CRR
     OFFICIAL COURT REPORTER
25   UNITED STATES DISTRICT COURT
     ATLANTA, GEORGIA
```

2

1          (ATLANTA, FULTON COUNTY, GEORGIA; MAY 11, 2017, AT

2     1:04 P.M. IN OPEN COURT.)

3          THE COURT:  THANK YOU.  GOOD AFTERNOON.  PLEASE BE

4     SEATED.

5          ALL RIGHT.  I NOW CALL THE CASE OF THE UNITED STATES

6     VERSUS MS. ASHA R. -- AND IS IT MAURYA?

7          THE DEFENDANT:  UH-HUH.

8          THE COURT:  ALL RIGHT.  CRIMINAL ACTION 16-CR-65.

9          COUNSELOR FOR THE GOVERNMENT, PLEASE ANNOUNCE YOUR

10     APPEARANCE FOR THE RECORD AND INTRODUCE WHOMEVER IS AT COUNSEL

11     TABLE WITH YOU, SIR.

12          MR. PHILLIPS:  GOOD AFTERNOON, YOUR HONOR.  RUSSELL

13     PHILLIPS, STEVE MCCLAIN, AND LYNSEY BARRON FOR THE UNITED

14     STATES.

15          THE COURT:  THANK YOU ALL.  AND GOOD AFTERNOON TO ALL

16     OF YOU.

17          AND ON BEHALF OF MS. MAURYA -- NOW I AM GOING TO MESS

18     IT UP NOW THAT I'VE ASKED YOU.  SO ONE MORE TIME.

19          THE DEFENDANT:  MAURYA.

20          THE COURT:  MAURYA.  ALL RIGHT.  YES.

21          MR. PATE:  GOOD AFTERNOON, YOUR HONOR.  PAGE PATE ON

22     BEHALF OF MS. MAURYA.

23          THE COURT:  ALL RIGHT.  GOOD AFTERNOON TO YOU, SIR.

24          AND GOOD AFTERNOON TO YOU, MA'AM, AS WELL.

25          AND, MR. PAGE [SIC], I UNDERSTAND THAT YOUR CLIENT

3

1    WISHES TO ENTER A PLEA TODAY.  IS THAT CORRECT?

2            MR. PATE:  THAT IS CORRECT, YOUR HONOR.

3            THE COURT:  ALL RIGHT.  THANK YOU SO MUCH.

4            MS. MAURYA, MA'AM, BEFORE I CAN ACCEPT YOUR PLEA THIS

5    AFTERNOON, THERE ARE CERTAIN THINGS THAT I WILL NEED TO GO OVER

6    WITH YOU.  I NEED TO MAKE SURE THAT YOU UNDERSTAND THE CONDUCT

7    BEING ALLEGED AGAINST YOU BY THE GOVERNMENT AND ALSO THAT YOU

8    UNDERSTAND ALL OF THE RIGHTS THAT YOU ARE WAIVING OR GIVING UP

9    BY ENTERING YOUR PLEA.

10           MA'AM, IF AT ANY TIME DURING THIS HEARING THERE IS

11   SOMETHING I SAY THAT YOU NEED ME TO REPEAT OR CLARIFY, WILL YOU

12   LET ME KNOW THROUGH YOUR ATTORNEY?

13           THE DEFENDANT:  YES, MA'AM.

14           THE COURT:  ALL RIGHT.  IF YOU -- AND YOU MAY REMAIN

15   SEATED -- WOULD JUST GO AHEAD AND RAISE YOUR RIGHT HAND FOR ME,

16   PLEASE.

17                   ASHA R. MAURYA,

18   HAVING BEEN FIRST DULY SWORN, WAS EXAMINED AND TESTIFIED AS

19   FOLLOWS:

20           THE COURT:  ALL RIGHT.  THANK YOU.

21           AND GO AHEAD AND STATE YOUR NAME FOR THE RECORD.

22           THE DEFENDANT:  ASHA R. MAURYA.

23           THE COURT:  AND, MS. MAURYA, HOW OLD ARE YOU?

24           THE DEFENDANT:  FORTY-ONE.

25           THE COURT:  AND TELL ME A LITTLE BIT ABOUT YOUR

4

1    EDUCATIONAL BACKGROUND FIRST.  DID YOU COMPLETE HIGH SCHOOL?

2              THE DEFENDANT:  YES.

3              THE COURT:  DID YOU GO BEYOND THAT?

4              THE DEFENDANT:  YES.

5              THE COURT:  ALL RIGHT.  SO IS IT FAIR TO SAY THAT YOU

6    READ, WRITE, AND UNDERSTAND THE ENGLISH LANGUAGE PROFICIENTLY?

7              THE DEFENDANT:  I DO.

8              THE COURT:  AND HAVE YOU BEEN ABLE TO UNDERSTAND

9    EVERYTHING THAT'S BEEN COMMUNICATED TO YOU BY YOUR ATTORNEY

10   ABOUT YOUR CASE, WHETHER IN WRITTEN FORM OR IN CONVERSATION?

11             THE DEFENDANT:  I HAVE.

12             THE COURT:  ALL RIGHT.  ARE YOU A UNITED STATES

13   CITIZEN?

14             THE DEFENDANT:  I AM.

15             THE COURT:  EVEN THOUGH YOU HAVE TOLD ME THAT YOU

16   ARE, AND I HAVE NO REASON TO DISBELIEVE THAT, I STILL HAVE TO

17   TELL YOU THAT IF YOU ARE NOT, ENTERING THIS PLEA COULD CAUSE

18   YOU TO BE DEPORTED OR REMOVED FROM THE UNITED STATES.  DO YOU

19   UNDERSTAND THAT AND WISH TO PROCEED?

20             THE DEFENDANT:  UNDERSTOOD.

21             THE COURT:  ALL RIGHT.  AND YOU DO WISH TO GO

22   FORWARD?

23             THE DEFENDANT:  YES, MA'AM.

24             THE COURT:  HAVE YOU CONSUMED ANY ALCOHOL, TAKEN ANY

25   TYPE OF DRUGS, PRESCRIPTION OR OTHERWISE, OVER THE LAST 24

5

1    HOURS, ANYTHING THAT MIGHT INTERFERE WITH YOUR ABILITY TO

2    UNDERSTAND?

3            THE DEFENDANT:  NO, MA'AM.

4            THE COURT:  ALL RIGHT.  AND, MR. PATE, ANYTHING ABOUT

5    MS. MAURYA THAT MAKES YOU -- GIVES YOU PAUSE THAT MAKES YOU

6    THINK SHE DOES NOT UNDERSTAND WHAT SHE'S DOING THIS AFTERNOON?

7            MR. PATE:  NOT AT ALL, YOUR HONOR.

8            THE COURT:  ALL RIGHT.  THANK YOU SO MUCH.

9            WELL, MS. MAURYA, LET ME GO OVER YOUR RIGHTS WITH YOU

10   AT THIS TIME, MA'AM.

11           YOU, OF COURSE, DO HAVE THE RIGHT TO ENTER A NOT

12   GUILTY PLEA AND TO HAVE THIS CASE PROCEED BY TRIAL, EITHER A

13   TRIAL BEFORE A JUDGE LIKE MYSELF, WHICH WOULD BE A BENCH TRIAL,

14   OR A JURY TRIAL.  IF YOU ELECTED TO PROCEED IN THAT MANNER,

15   YOU'D HAVE THE RIGHT TO HAVE THAT TRIAL BE A SPEEDY AND PUBLIC

16   TRIAL.

17           YOU'D HAVE THE RIGHT TO TESTIFY ON YOUR OWN BEHALF,

18   BUT YOU COULD NOT BE FORCED TO BECAUSE YOU ALSO HAVE A RIGHT

19   AGAINST SELF-INCRIMINATION UNDER THE FIFTH AMENDMENT.

20           YOU'D HAVE THE RIGHT TO COMPEL AND SUBPOENA WITNESSES

21   AND HAVE THEM TESTIFY FOR YOU.

22           YOU'D HAVE THE RIGHT TO CROSS-EXAMINE ANY WITNESS TO

23   TESTIFY -- TO CROSS-EXAMINE ANY WITNESS CALLED TO TESTIFY

24   AGAINST YOU BY THE GOVERNMENT.

25           YOU'D ALSO HAVE THE RIGHT TO HAVE A JURY RENDER A

6

1    UNANIMOUS VERDICT.

2              DO YOU UNDERSTAND THAT YOU HAVE ALL OF THOSE RIGHTS

3    AVAILABLE TO YOU?

4              THE DEFENDANT:  I DO.

5              THE COURT:  IS IT YOUR DESIRE TO WAIVE ALL OF THOSE

6    RIGHTS, INCLUDING THE RIGHT TO HAVE A TRIAL, AND TO INSTEAD

7    ENTER A PLEA IN THIS CASE?

8              THE DEFENDANT:  IT IS.

9              THE COURT:  ALL RIGHT.  MR. PHILLIPS, AT THIS TIME,

10   SIR, IF YOU WOULD GO OVER THE PORTIONS OF THE WRITTEN PLEA

11   AGREEMENT BUT FOR POINTING OUT THAT THE LIMITED WAIVER OF

12   APPEAL IS IN THERE.  YOU CAN SKIP THAT.  WE'LL COME BACK TO

13   THAT IN DETAIL.

14             MR. PHILLIPS:  YES, YOUR HONOR.

15             YOUR HONOR, THE GUILTY PLEA AND PLEA AGREEMENT IN

16   THIS CASE CONSISTS OF 22 PAGES.  IT STATES THAT THE DEFENDANT

17   IS PLEADING GUILTY BECAUSE SHE IS IN FACT GUILTY OF THE CRIME

18   CHARGED IN COUNT ONE OF THE INDICTMENT.

19             THE DEFENDANT ACKNOWLEDGES THAT SHE IS GIVING UP HER

20   RIGHT TO PLEAD NOT GUILTY, THE RIGHT TO BE TRIED BY A JURY, THE

21   RIGHT TO HAVE AN ATTORNEY AT TRIAL, AND TO HAVE THE COURT

22   APPOINT COUNSEL IF SHE COULD NOT AFFORD HER OWN ATTORNEY, THE

23   RIGHT TO TESTIFY AT TRIAL, THE RIGHT TO BE PRESUMED INNOCENT,

24   THE RIGHT TO HAVE THE GOVERNMENT PROVE HER GUILTY BEYOND A

25   REASONABLE DOUBT, AND THE RIGHT TO CONFRONT AND CROSS-EXAMINE

1    WITNESSES AGAINST HER.

2           ALSO, IF THE GOVERNMENT -- OR, RATHER, IF THE

3    DEFENDANT DID NOT WISH TO TESTIFY, THAT FACT COULD NOT BE USED

4    AGAINST HER AT TRIAL, AND THE GOVERNMENT COULD NOT COMPEL HER

5    TO INCRIMINATE HERSELF.

6           AND IF SHE WERE FOUND GUILTY AFTER A TRIAL, SHE WOULD

7    HAVE THE RIGHT TO APPEAL HER CONVICTION.

8           THE DEFENDANT ALSO UNDERSTANDS THAT BY PLEADING

9    GUILTY, THERE WILL NOT BE A TRIAL OF ANY KIND.

10          AND THE DEFENDANT IS GIVING UP ALL RIGHTS TO PURSUE

11   ANY AFFIRMATIVE DEFENSES, INCLUDING FOURTH AMENDMENT OR FIFTH

12   AMENDMENT CLAIMS, AND ANY OTHER PRETRIAL MOTIONS THAT HAVE BEEN

13   FILED OR COULD HAVE BEEN FILED.

14          AND, AS THE COURT SAID, THERE IS A WAIVER OF RIGHT TO

15   APPEAL EXCEPT UNDER VERY LIMITED CIRCUMSTANCES.

16          THE DEFENDANT ALSO UNDERSTANDS THAT, TO PLEAD GUILTY,

17   SHE WILL HAVE TO ANSWER QUESTIONS UNDER OATH POSSIBLY AND ANY

18   QUESTIONS POSED TO HER BY THE COURT UNDER OATH.

19          THE PLEA AGREEMENT STATES THAT THE, THE MAXIMUM TERM

20   OF IMPRISONMENT IN THIS CASE IS 20 YEARS.  THE MANDATORY

21   MINIMUM TERM, THERE IS NO MANDATORY MINIMUM TERM.  THE

22   DEFENDANT WOULD BE REQUIRED TO SERVE NOT MORE THAN THREE YEARS

23   ON SUPERVISED RELEASE.

24          SHE IS SUBJECT TO A MAXIMUM FINE OF $250,000.  SHE

25   WOULD BE REQUIRED TO PAY FULL RESTITUTION, WHICH WOULD BE DUE

1    AND PAYABLE IMMEDIATELY, TO ALL VICTIMS OF THE OFFENSE AND ALL

2    RELEVANT CONDUCT.  AND SHE'S REQUIRED TO PAY A MANDATORY

3    SPECIAL ASSESSMENT OF A HUNDRED DOLLARS, WHICH IS ALSO DUE AND

4    PAYABLE IMMEDIATELY.  AND SHE'S ALSO REQUIRED TO FORFEIT ALL

5    PROCEEDS FROM THE COMMISSION OF THE OFFENSE.

6            THE DEFENDANT UNDERSTANDS THAT, BEFORE IMPOSING

7    SENTENCE IN THIS CASE, THE COURT WILL CONSIDER THE UNITED

8    STATES SENTENCING GUIDELINES AND THAT THE COURT MAY IMPOSE A

9    SENTENCE UP TO AND INCLUDING THE STATUTORY MAXIMUM, WHICH, AS I

10   SAID, IS 20 YEARS, AND THAT NO ONE CAN PREDICT HER ACTUAL

11   SENTENCE AT THIS TIME.

12           AS THE COURT INDICATED A MOMENT AGO, EVEN THOUGH THE

13   DEFENDANT SAYS THAT SHE'S A UNITED STATES CITIZEN, IF IT TURNED

14   OUT THAT THAT WERE NOT TRUE, THERE WOULD BE CERTAIN

15   CONSEQUENCES AS A RESULT OF ENTERING THIS PLEA AS STATED IN

16   PARAGRAPH NINE OF THE GUILTY PLEA AND PLEA AGREEMENT.

17           THE GOVERNMENT AGREES NOT TO BRING ANY FURTHER

18   CRIMINAL CHARGES AGAINST THE DEFENDANT RELATED TO THE CHARGE TO

19   WHICH SHE'S PLEADING GUILTY.

20           AND THE DEFENDANT UNDERSTANDS THAT THIS DOES NOT BAR

21   PROSECUTION BY ANY OTHER FEDERAL, STATE, OR LOCAL JURISDICTION.

22           THIS AGREEMENT INCLUDES A COOPERATION PROVISION,

23   WHICH REQUIRES THE DEFENDANT TO PRODUCE ALL RECORDS REQUESTED

24   BY THE GOVERNMENT, TO MAKE HERSELF AVAILABLE FOR INTERVIEWS AT

25   HER OWN EXPENSE, AT THE REQUEST OF THE GOVERNMENT, A

1   REQUIREMENT THAT SHE RESPOND FULLY AND TRUTHFULLY TO ALL

2   INQUIRIES OF THE GOVERNMENT IN CONNECTION WITH ANY

3   INVESTIGATION OR PROCEEDING WITHOUT FALSELY IMPLICATING ANY

4   PERSON OR INTENTIONALLY WITHHOLDING ANY INFORMATION, SUBJECT TO

5   THE PENALTIES OF MAKING FALSE STATEMENTS AND OBSTRUCTION OF

6   JUSTICE AND RELATED OFFENSES UNDER FEDERAL LAW.

7           AND WHEN CALLED UPON TO DO SO BY THE GOVERNMENT, THE

8   DEFENDANT IS REQUIRED TO TESTIFY AT ANY JUDICIAL PROCEEDING

9   RELATED TO THIS CASE AND TO TESTIFY FULLY, TRUTHFULLY, AND

10  UNDER OATH.

11          THE DEFENDANT ACKNOWLEDGES THAT THE GOVERNMENT MAY

12  CONTACT HER OUTSIDE THE PRESENCE OF HER ATTORNEY FOR PURPOSES

13  RELEVANT TO HER COOPERATION IN THIS CASE.

14          THE PLEA AGREEMENT ALSO INCLUDES A PROVISION THAT

15  STATES THAT IF THE DEFENDANT PROVIDES THE GOVERNMENT WITH ANY

16  INFORMATION THAT TENDS TO INCRIMINATE HER, WHICH WAS NOT

17  PREVIOUSLY KNOWN TO THE GOVERNMENT, THAT THAT CANNOT BE USED

18  AGAINST HER TO ENHANCE HER SENTENCE IN THIS CASE.

19          THE GOVERNMENT AGREES TO MAKE THE EXTENT OF THE

20  DEFENDANT'S COOPERATION KNOWN TO THE SENTENCING COURT.  AND IF

21  THAT OCCURS BEFORE -- IF HER COOPERATION, RATHER, IS COMPLETED

22  BEFORE SENTENCING, THE GOVERNMENT WOULD FILE A MOTION UNDER

23  SECTION 5K1.1 IF IT DETERMINES THAT THE DEFENDANT HAS PROVIDED

24  SUBSTANTIAL ASSISTANCE, OR IF IT OCCURS, IF HER COOPERATION IS

25  COMPLETED AFTER SENTENCING, THE GOVERNMENT WOULD FILE A MOTION

10

1    UNDER RULE 35(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

2          IN EITHER CASE, THE DEFENDANT UNDERSTANDS THAT THE

3    DETERMINATION AS TO WHETHER SHE HAS PROVIDED SUBSTANTIAL

4    ASSISTANCE RESTS SOLELY WITH THE GOVERNMENT.

5          THE DEFENDANT ALSO UNDERSTANDS THAT THE FINAL

6    DECISION AS TO WHAT CREDIT, IF ANY, THE DEFENDANT SHOULD

7    RECEIVE FOR HER COOPERATION WILL BE DETERMINED BY THE COURT.

8          IF THE DEFENDANT FAILS TO COOPERATE TRUTHFULLY AND

9    COMPLETELY, OR IF SHE ENGAGES IN ADDITIONAL CRIMINAL CONDUCT OR

10   OTHER CONDUCT INCONSISTENT WITH COOPERATION, SHE WILL NOT BE

11   ENTITLED TO ANY CONSIDERATION WHATSOEVER UNDER THIS PARAGRAPH.

12         THE GOVERNMENT AGREES TO RECOMMEND AND THE DEFENDANT

13   AGREES NOT TO DISPUTE OR CONTEST THE FOLLOWING APPLICATIONS OF

14   THE SENTENCING GUIDELINES:  FIRST, THAT THE BASE OFFENSE IS A

15   LEVEL SEVEN.  SECOND, THAT AS A RESULT OF HER CONVICTION AND

16   ALL RELEVANT CONDUCT INVOLVED, SHE SHOULD BE ENHANCED FOR

17   SOPHISTICATED MEANS, WHICH RESULTS IN A TWO-LEVEL INCREASE.

18         AND, IN ADDITION, THE DEFENDANT AGREES THAT SHE

19   ABUSED A POSITION OF PUBLIC OR PRIVATE TRUST, WHICH ALSO

20   RESULTS IN A TWO-LEVEL INCREASE.

21         AND THE GOVERNMENT AGREES TO RECOMMEND THAT THE

22   DEFENDANT RECEIVE THE MAXIMUM CREDIT FOR ACCEPTANCE OF

23   RESPONSIBILITY AS LONG AS SHE DOES NOT ENGAGE IN ANY CONDUCT

24   FROM THIS POINT FORWARD THAT'S INCONSISTENT WITH HER ACCEPTANCE

25   OF RESPONSIBILITY.

11

1       THE GOVERNMENT ALSO AGREES TO RECOMMEND TO THE COURT

2  THAT THE DEFENDANT RECEIVE A ONE-LEVEL DOWNWARD VARIANCE AT

3  SENTENCING BASED ON HER EXPEDITIOUS ENTRY OF A GUILTY PLEA IN

4  THIS CASE.

5       THE GOVERNMENT ALSO AGREES TO RECOMMEND THAT THE

6  DEFENDANT BE SENTENCED AT THE LOW END OF THE ADJUSTED

7  GUIDELINES RANGE.

8       AND THE GOVERNMENT AGREES TO MAKE NO SPECIFIC

9  RECOMMENDATION AS TO THE AMOUNT OF THE FINE TO BE IMPOSED.

10      THE DEFENDANT RESERVES HER RIGHT TO ARGUE FOR A

11  FURTHER DOWNWARD VARIANCE UNDER 18 U.S.C. 3553(A), AND THE

12  GOVERNMENT RESERVES ITS RIGHT TO OPPOSE SUCH REQUEST OR

13  ARGUMENT.

14      THE PARTIES RESERVE THEIR RIGHT TO INFORM THE COURT

15  AND THE PROBATION OFFICE OF ALL FACTS AND CIRCUMSTANCES

16  REGARDING THIS CASE AND THE DEFENDANT AND TO RESPOND TO ANY

17  QUESTIONS OR INQUIRIES FROM THE COURT OR PROBATION.

18      AND EXCEPT AS EXPRESSLY STATED ELSEWHERE IN THIS PLEA

19  AGREEMENT, THE PARTIES ALSO RESERVE THEIR RIGHT TO MAKE

20  RECOMMENDATIONS REGARDING APPLICATION OF THE SENTENCE

21  GUIDELINES, BUT THE PARTIES UNDERSTAND AND AGREE THAT THERE ARE

22  NO AGREEMENTS BETWEEN THE PARTIES WITH RESPECT TO ANY

23  SENTENCING GUIDELINES OTHER THAN THOSE SPECIFICALLY ADDRESSED

24  IN THIS PLEA AGREEMENT.  AND THE PARTIES ARE FREE TO ADVOCATE

25  THEIR RESPECTIVE POSITIONS AT SENTENCING AS TO ANY SUCH ISSUES

1    NOT ADDRESSED IN THIS GUILTY PLEA AND PLEA AGREEMENT.

2            SHOULD THE GOVERNMENT OBTAIN OR RECEIVE ADDITIONAL

3    EVIDENCE, THE GOVERNMENT WILL BRING THAT TO THE ATTENTION OF

4    THE COURT AND PROBATION.

5            AND IN THE EVENT THAT THE ADDITIONAL EVIDENCE IS

6    SUFFICIENT TO SUPPORT A FINDING OF A DIFFERENT APPLICATION OF

7    THE GUIDELINES, THE GOVERNMENT WOULD NOT BE BOUND TO MAKE THE

8    RECOMMENDATION SET FORTH IN THIS AGREEMENT, AND FAILURE TO DO

9    SO WOULD NOT CONSTITUTE A VIOLATION OF THE PLEA AGREEMENT.

10           THE AGREEMENT GOES ON TO STATE IN THE FINANCIAL

11   COOPERATIONS PROVISION THAT THE DEFENDANT IS REQUIRED TO PAY

12   THE SPECIAL ASSESSMENT THAT I MENTIONED EARLIER.  AGAIN, SHE'S

13   REQUIRED TO PAY RESTITUTION AND ANY FINE TO BE IMPOSED BY THE

14   COURT.

15           THE DEFENDANT ALSO AGREES TO COOPERATE WITH THE

16   GOVERNMENT IN THE INVESTIGATION OF THE AMOUNT OF RESTITUTION TO

17   BE IMPOSED, THE IDENTIFICATION OF ANY FUNDS AND ASSETS IN WHICH

18   SHE HAS ANY LEGAL OR EQUITABLE INTEREST TO BE APPLIED TOWARD

19   RESTITUTION AND THE PROMPT PAYMENT OF RESTITUTION.

20           SO LONG AS THE DEFENDANT IS COMPLETELY TRUTHFUL, THE

21   GOVERNMENT AGREES THAT ANYTHING THAT THE DEFENDANT TELLS THE

22   GOVERNMENT ABOUT DURING HER FINANCIAL INTERVIEW OR DEPOSITION

23   OR IN RESPONDING TO THE FINANCIAL FORMS THAT THE GOVERNMENT

24   ASKS HER TO COMPLETE, THAT WOULD NOT BE USED AGAINST HER IN THE

25   GOVERNMENT'S CRIMINAL PROSECUTION.  HOWEVER, IF SHE WERE TO

13

1    MAKE ANY STATEMENTS THAT WERE UNTRUE, THAT THAT WOULD NOT

2    APPLY.

3              IN ADDITION, THE GOVERNMENT IS FREE TO PURSUE ANY

4    LEADS DERIVED IN ANY WAY FROM THE INTERVIEWS, DEPOSITIONS,

5    FINANCIAL FORMS WHICH COULD RESULT IN THE ACQUISITION OF

6    EVIDENCE ADMISSIBLE AGAINST THE DEFENDANT IN OTHER PROCEEDINGS.

7              THE AGREEMENT INCLUDES A FORFEITURE PROVISION, WHICH

8    REQUIRES THE DEFENDANT TO FORFEIT TO THE UNITED STATES ALL

9    PROCEEDS OBTAINED DIRECTLY OR INDIRECTLY FROM THE COMMISSION OF

10   THE OFFENSE ALLEGED IN COUNT ONE OF THE INDICTMENT,

11   SPECIFICALLY A FORFEITURE MONEY JUDGMENT IN AN AMOUNT TO BE

12   DETERMINED BY THE COURT.

13             THE DEFENDANT UNDERSTANDS AND AGREES THAT THE

14   RECOMMENDATIONS OF THE GOVERNMENT AS INCORPORATED IN THIS

15   AGREEMENT ARE NOT BINDING ON THE COURT.  AND IF THE COURT

16   DECIDES NOT TO ACCEPT ONE OR MORE OF THE GOVERNMENT'S

17   RECOMMENDATIONS, THAT WOULD NOT CONSTITUTE GROUNDS FOR THE

18   DEFENDANT TO WITHDRAW HER PLEA OR TO CLAIM A BREACH OF THE PLEA

19   AGREEMENT.

20             AND AT THE COURT'S REQUEST, I WILL SKIP THE LIMITED

21   WAIVER OF APPEAL FOR NOW.

22             THE AGREEMENT ALSO INCLUDES A FREEDOM OF INFORMATION

23   ACT AND PRIVACY ACT WAIVER.  AND IT INCLUDES SOME LANGUAGE

24   CONCERNING FEDERAL RULE OF CRIMINAL PROCEDURE 11(F) AND FEDERAL

25   RULE OF EVIDENCE 408 AND 410.  BUT SINCE THE DEFENDANT IS

1   SIGNING THIS AGREEMENT TODAY AND IF THE COURT ACCEPTS THE

2   DEFENDANT'S PLEA, THEN THAT LANGUAGE WOULD NOT BE APPLICABLE

3   HERE.

4           AND THE DEFENDANT IS ALSO AGREEING TO OR IS ALSO

5   WAIVING HER RIGHT TO CHALLENGE PRIOR CONVICTIONS, IF ANY.

6           THE AGREEMENT INCLUDES THE SIGNATURES OF THE PARTIES

7   FROM BOTH SIDES.

8           AND THAT'S IT, THE ENTIRE AGREEMENT, YOUR HONOR.

9   THERE ARE NO OTHER AGREEMENTS BETWEEN THE PARTIES THAT ARE NOT

10  SET FORTH IN WRITING ON THIS DOCUMENT.

11          THE COURT:  ALL RIGHT.  AND WOULD YOU GO AHEAD AND

12  VERIFY SIGNATURES WITH MS. MAURYA AND MR. PATE AT THIS TIME?

13          MR. PHILLIPS:  MA'AM, I'M SHOWING YOU THE DOCUMENT

14  THAT I JUST DESCRIBED TO THE COURT, WHICH IS ENTITLED GUILTY

15  PLEA AND PLEA AGREEMENT, CRIMINAL CASE NUMBER 1:16-CR-65-ELR.

16  ARE YOU THE DEFENDANT NAMED IN THIS DOCUMENT, ASHA R. MAURYA?

17          THE DEFENDANT:  I AM.

18          MR. PHILLIPS:  AND ARE YOU REPRESENTED IN THIS CASE

19  BY MR. PAGE PATE?

20          THE DEFENDANT:  I AM.

21          MR. PHILLIPS:  AND HAVE YOU REVIEWED THIS DOCUMENT

22  WITH YOUR ATTORNEY?

23          THE DEFENDANT:  I HAVE.

24          MR. PHILLIPS:  AND IS THIS YOUR SIGNATURE ON PAGES 19

25  AND 20 OF THE GUILTY PLEA AND PLEA AGREEMENT?

1          THE DEFENDANT:  IT IS.

2          MR. PHILLIPS:  AND, MR. PATE, IS THIS YOUR SIGNATURE

3   ON PAGES 19 AND 21 OF THE GUILTY PLEA AND PLEA AGREEMENT?

4          MR. PATE:  IT IS.

5          MR. PHILLIPS:  MA'AM, DO YOU WISH TO ENTER YOUR

6   GUILTY PLEA TODAY TO COUNT ONE OF THE INDICTMENT.

7          THE DEFENDANT:  I DO.

8          MR. PHILLIPS:  YOUR HONOR, AT THIS TIME I TENDER

9   DEFENDANT'S GUILTY PLEA AND PLEA AGREEMENT.

10         THE COURT:  THANK YOU, SIR.

11         MS. MAURYA, DID YOU UNDERSTAND OR HAVE YOU UNDERSTOOD

12  ALL OF THE PORTIONS OF THAT WRITTEN PLEA AGREEMENT THAT WAS

13  JUST REVIEWED IN OPEN COURT?

14         THE DEFENDANT:  I HAVE.

15         THE COURT:  AND HAS ANYONE THREATENED YOU OR FORCED

16  YOU OR COERCED YOU IN ANY WAY TO ENTER THIS PLEA?

17         THE DEFENDANT:  NO.

18         THE COURT:  ARE YOU ENTERING THIS PLEA FREELY AND

19  VOLUNTARILY?

20         THE DEFENDANT:  I AM.

21         THE COURT:  ALL RIGHT.  MR. PATE, SIR, HAVE YOU

22  ADVISED YOUR CLIENT REGARDING THE LEGALITY OF ANY STATEMENTS OR

23  CONFESSIONS OR OTHER EVIDENCE THE GOVERNMENT HAS AGAINST HER?

24         MR. PATE:  WE HAVE DISCUSSED THAT, YOUR HONOR.

25         THE COURT:  AS FAR AS YOU KNOW, IS SHE ENTERING THIS

16

1   GUILTY PLEA BECAUSE OF ANY ILLEGALLY OBTAINED EVIDENCE IN THE

2   POSSESSION OF THE GOVERNMENT?

3           MR. PATE:  NO, YOUR HONOR.

4           THE COURT:  HAVE YOU MADE ANY PROMISES TO HER

5   REGARDING A PARTICULAR SENTENCE THAT SHE WILL RECEIVE UNDER THE

6   GUIDELINES IN THIS CASE?

7           MR. PATE:  ABSOLUTELY NOT.

8           THE COURT:  AND ARE YOU AWARE OF ANY AGREEMENT

9   OUTSIDE OF WHAT'S CONTAINED IN THE WRITTEN PLEA AGREEMENT AND

10  WHAT HAS BEEN PRESENTED IN THE COURT IN COURT TODAY THAT WOULD

11  AFFECT THIS PLEA AGREEMENT SHE HAS WITH THE GOVERNMENT?

12          MR. PATE:  NO, YOUR HONOR.

13          THE COURT:  DO YOU KNOW OF ANY REASON THAT I SHOULD

14  NOT ACCEPT HER GUILTY PLEA TODAY?

15          MR. PATE:  I DO NOT.

16          THE COURT:  AND HAVE YOU HAD ENOUGH TIME TO DISCUSS

17  WITH HER BOTH THIS CASE GENERALLY AND SPECIFICALLY THIS PLEA.

18          MR. PATE:  I HAVE, YOUR HONOR.

19          THE COURT:  THANK YOU, SIR.

20          MA'AM, I'M GOING TO ASK YOU SOMETHING SIMILAR TO THAT

21  LAST QUESTION.  HAVE YOU HAD ENOUGH TIME TO DISCUSS WITH YOUR

22  ATTORNEY, MR. PATE, BOTH THE CASE AND SPECIFICALLY THIS GUILTY

23  PLEA?

24          THE DEFENDANT:  I HAVE.

25          THE COURT:  AND ARE YOU SATISFIED WITH THE LEGAL

1  REPRESENTATION HE'S PROVIDED IN THIS CASE.

2        THE DEFENDANT:  I AM.

3        THE COURT:  ALL RIGHT.  AT THIS TIME, MR. PHILLIPS,

4  IF YOU WOULD GO AHEAD AND STATE THE ELEMENTS OF THE OFFENSE

5  ALLEGED IN THE INDICTMENT.

6        MR. PHILLIPS:  YOUR HONOR, THE DEFENDANT IS CHARGED

7  WITH CONSPIRACY IN VIOLATION OF TITLE 18 UNITED STATES CODE

8  SECTION 1349.

9        TO CONVICT THE DEFENDANT OF THAT OFFENSE AT TRIAL,

10  THE GOVERNMENT WOULD HAVE TO PROVE BEYOND A REASONABLE DOUBT

11  THAT TWO OR MORE PERSONS AGREED TO VIOLATE FEDERAL LAW AND THAT

12  THE DEFENDANT KNOWINGLY AND VOLUNTARILY JOINED IN THAT

13  CONSPIRACY.  AND CIRCUMSTANTIAL EVIDENCE CAN SUPPLY PROOF OF

14  KNOWLEDGE OF THE SCHEME.

15        SPECIFICALLY IN THIS CASE, THE DEFENDANT IS CHARGED

16  WITH CONSPIRING TO VIOLATE THE WIRE FRAUD STATUTE, WHICH IS

17  TITLE 18 UNITED STATES CODE SECTION 1343.  THE ELEMENTS OF WIRE

18  FRAUD ARE INTENTIONAL PARTICIPATION IN A SCHEME TO DEFRAUD AND

19  THE USE OF THE INTERSTATE WIRES IN FURTHERANCE OF THAT SCHEME.

20        THE COURT:  ALL RIGHT.  AND ALTHOUGH YOU'VE ALREADY

21  DONE SO, I'M GOING TO ASK YOU TO GO OVER ONE MORE TIME THE

22  MAXIMUM PENALTY AND FINE THAT CAN BE IMPOSED AND ANY MANDATORY

23  MINIMUM, IF ONE APPLIES.  AND I THINK THAT IS SET FORTH IN

24  PARAGRAPH SEVEN, PAGE THREE OF THE WRITTEN PLEA AGREEMENT.

25        MR. PHILLIPS:  YOUR HONOR, THE MAXIMUM TERM OF

1    IMPRISONMENT IS 20 YEARS.  THERE IS NO MANDATORY MINIMUM TERM

2    OF IMPRISONMENT.

3             THE TERM OF SUPERVISED RELEASE IS NOT MORE THAN THREE

4    YEARS.

5             THE MAXIMUM FINE IS $250,000.

6             THE DEFENDANT'S REQUIRED TO PAY FULL RESTITUTION,

7    REQUIRED TO PAY A SPECIAL ASSESSMENT OF $100, AND REQUIRED TO

8    FORFEIT ANY AND ALL PROCEEDS FROM THE COMMISSION OF THE

9    OFFENSE.

10            THE COURT:  THANK YOU, SIR.

11            MS. MAURYA, DO YOU UNDERSTAND THOSE PENALTIES,

12   INCLUDING THE FACT THAT RESTITUTION MAY BE IMPOSED IN ANY

13   SENTENCE YOU RECEIVE FROM THIS COURT?

14            THE DEFENDANT:  I DO.

15            THE COURT:  ALSO, THE UNITED STATES SENTENCING

16   COMMISSION HAS ISSUED GUIDELINES WHICH I MUST FIRST CONSIDER AS

17   A COURT BEFORE IMPOSING ANY SENTENCE.  YOUR ATTORNEY, MR. PATE,

18   EARLIER SAID THAT HE HAD NOT MADE ANY PROMISE TO YOU REGARDING

19   A PARTICULAR SENTENCE YOU WOULD RECEIVE IN THIS CASE.

20            DO YOU UNDERSTAND, MA'AM, THAT EVEN AS I SIT HERE

21   TODAY AS THE JUDGE, I CANNOT TELL YOU EXACTLY WHAT SENTENCE

22   WILL BE IMPOSED IN THIS CASE?  WHAT WILL HAPPEN IS, AFTER

23   TODAY, A PRESENTENCE REPORT WILL BE COMPILED.  IT WILL CONTAIN

24   CERTAIN FINDINGS AND CALCULATIONS.  YOU AND YOUR ATTORNEY AS

25   WELL AS THE GOVERNMENT WILL HAVE THE OPPORTUNITY TO OBJECT TO

1 THE FINDINGS AND CALCULATIONS IN THAT REPORT.

2       I'LL CONSIDER EVERYTHING.  WE WILL HAVE A HEARING AT

3 WHICH YOU WILL HAVE THE OPPORTUNITY TO BE HEARD, AS WILL THE

4 GOVERNMENT.  AND ONLY AFTER ALL OF THAT AND AFTER I DO CONSIDER

5 THOSE CALCULATIONS AND FINDINGS WILL I BE ABLE TO IMPOSE

6 SENTENCE.

7       DO YOU UNDERSTAND THAT THAT IS THE PROCEDURE THAT

8 WE'LL FOLLOW?

9       THE DEFENDANT:  I UNDERSTAND.

10       THE COURT:  UNDER SOME CIRCUMSTANCES, A JUDGE CAN

11 IMPOSE A SENTENCE THAT IS MORE OR LESS SEVERE THAN WHAT IS

12 CALLED UPON BY THE GUIDELINES.  DO YOU UNDERSTAND, MA'AM, THAT

13 IF THAT IS THE CASE HERE, YOU WILL NOT BE ABLE TO WITHDRAW YOUR

14 PLEA ON THAT BASIS.  YOU WILL BE BOUND BY YOUR GUILTY PLEA?

15       THE DEFENDANT:  UNDERSTOOD.

16       THE COURT:  ALSO, MR. PHILLIPS SAID THAT THERE WERE

17 CERTAIN RECOMMENDATIONS BEING MADE BY THE GOVERNMENT.  DO YOU

18 UNDERSTAND THAT I, AS THE COURT, DO NOT HAVE TO ACCEPT THOSE

19 RECOMMENDATIONS.  AND IF I ELECT NOT TO ACCEPT ANY OR ALL OF

20 THEM, AGAIN, YOU'RE STILL BOUND BY YOUR GUILTY PLEA AND NOT

21 ABLE TO WITHDRAW IT ON THAT BASIS.

22       THE DEFENDANT:  UNDERSTOOD.

23       THE COURT:  ALSO, MA'AM, BECAUSE YOU ARE ENTERING

24 THIS PLEA PURSUANT TO A PLEA AGREEMENT, YOU ARE GIVING UP MANY

25 OF YOUR APPELLATE RIGHTS.  DO YOU UNDERSTAND THAT?

1              THE DEFENDANT:  I DO.

2              THE COURT:  I'M GOING TO ASK MR. PHILLIPS TO NOW GO

3      OVER THE LIMITED APPELLATE RIGHTS THAT YOU ARE RETAINING.

4              AND THEY ARE LISTED IN PAGE -- ON PAGE 16, PARAGRAPH

5      32.

6              MR. PHILLIPS?

7              MR. PHILLIPS:  YOUR HONOR, PARAGRAPH 32 OF THE GUILTY

8      PLEA AND PLEA AGREEMENT IS ENTITLED LIMITED WAIVER OF APPEAL.

9      AND IT STATES THAT, TO THE MAXIMUM EXTENT PERMITTED BY FEDERAL

10     LAW, THE DEFENDANT VOLUNTARILY AND EXPRESSLY WAIVES THE RIGHT

11     TO APPEAL HER CONVICTION AND SENTENCE AND THE RIGHT TO

12     COLLATERALLY ATTACK HER CONVICTION AND SENTENCE IN ANY

13     POST-CONVICTION PROCEEDING, INCLUDING BUT NOT LIMITED TO,

14     MOTIONS FILED PURSUANT TO 28 U.S.C. SECTION 2255 ON ANY GROUND

15     EXCEPT THAT THE DEFENDANT MAY FILE A DIRECT APPEAL OF AN UPWARD

16     DEPARTURE OR UPWARD VARIANCE ABOVE THE SENTENCING GUIDELINE

17     RANGE AS CALCULATED BY THE DISTRICT COURT.

18             CLAIMS THAT DEFENDANT'S COUNSEL RENDERED

19     CONSTITUTIONALLY INEFFECTIVE ASSISTANCE ARE EXCEPTED FROM THIS

20     WAIVER.

21             THE DEFENDANT UNDERSTANDS THAT THIS PLEA AGREEMENT

22     DOES NOT LIMIT THE GOVERNMENT'S RIGHT TO APPEAL.  BUT IF THE

23     GOVERNMENT INITIATES A DIRECT APPEAL OF THE SENTENCE IMPOSED,

24     THE DEFENDANT MAY FILE A CROSS-APPEAL OF THAT SAME SENTENCE.

25             THE COURT:  THANK YOU, SIR.

1          MA'AM, DO YOU UNDERSTAND THAT THOSE ARE THE THREE

2     BASIC SITUATIONS UNDER WHICH YOU RETAIN A RIGHT TO APPEAL, THAT

3     IF I IMPOSE A SENTENCE THAT IS MORE SEVERE THAN THE GUIDELINES

4     OR IF YOU DESIRE FOR SOME REASON TO RAISE AN INEFFECTIVE

5     ASSISTANCE CLAIM OR IF THE GOVERNMENT FILES AN APPEAL AND YOU

6     ARE THOUGHT FILING A CROSS-APPEAL.

7          DO YOU UNDERSTAND THAT THOSE ARE THE LIMITED

8     APPELLATE RIGHTS THAT YOU'RE RETAINING UNDER THIS AGREEMENT?

9          THE DEFENDANT:  I DO.

10          THE COURT:  MR. PHILLIPS, IF YOU WOULD GO AHEAD NOW

11    AND EXPLAIN WHAT THE EVIDENCE THE GOVERNMENT EXPECTS THE

12    EVIDENCE WOULD SHOW AT TRIAL IF THIS CASE WERE TO PROCEED TO

13    TRIAL.

14          MR. PHILLIPS:  YOUR HONOR, IF THIS CASE WERE TO GO TO

15    TRIAL, THE GOVERNMENT WOULD PROVE THE FOLLOWING FACTS BEYOND A

16    REASONABLE DOUBT.

17          AT ALL TIMES MATERIAL TO THE INDICTMENT, MHS LAW,

18    INC. OWNED AND OPERATED A LAW FIRM KNOWN AS MORRIS, HARDWICK,

19    SCHNEIDER, LLC, AND A TITLE INSURANCE AGENCY KNOWN AS LAND

20    CASTLE TITLE, LLC.  AND FOR EASE OF REFERENCE, I'LL JUST REFER

21    TO THAT WHOLE GROUP AS MHS.

22          THE COURT:  YES, SIR.

23          MR. PHILLIPS:  MHS SPECIALIZED IN RESIDENTIAL REAL

24    ESTATE CLOSINGS AND FORECLOSURES.  IT ALSO SOLD TITLE INSURANCE

25    AS PART OF ITS CLOSING PRACTICE.  MHS HAD OFFICES IN 16 STATES,

22

1   BUT ITS MAIN OFFICE WAS LOCATED HERE IN ATLANTA, GEORGIA.

2           WHEN THE FIRM COLLAPSED IN AUGUST 2014 AS A RESULT OF

3   THE SCANDAL THAT SURROUNDED THIS CASE, IT EMPLOYED

4   APPROXIMATELY 80 LAWYERS AS WELL AS SEVERAL HUNDRED

5   NON-LAWYERS.  ONLY THREE OF THE FIRM'S 80 SHAREHOLDERS OR

6   EQUITY PARTNERS -- RATHER, ONLY THREE OF THE FIRM'S 80 LAWYERS

7   WERE SHAREHOLDERS OR EQUITY PARTNERS.  AND ONE OF THOSE EQUITY

8   PARTNERS WAS NATHAN E. HARDWICK, IV, WHO IS ALSO A CODEFENDANT

9   IN THIS CASE.

10          MR. HARDWICK WAS THE MAJORITY SHAREHOLDER OF MHS, AS

11  WELL AS THE MANAGING PARTNER OF THE LAW FIRM AND THE CEO OF THE

12  TITLE INSURANCE AGENCY.  MR. HARDWICK WAS ALSO THE ONLY EQUITY

13  PARTNER WHO WORKED OUT OF THE FIRM'S ATLANTA OFFICE.  THE OTHER

14  TWO EQUITY PARTNERS, BROTHERS ROD AND MARK WITTSTADT,

15  SPECIALIZED IN FORECLOSURE LAW.  AND THEY WORKED OUT OF THE

16  FIRM'S BALTIMORE, MARYLAND, OFFICE.

17          DEFENDANT MAURYA WAS ONE OF THE MANY NON-LAWYERS

18  EMPLOYED BY MHS.  AND SHE WORKED IN THE FIRM'S ATLANTA OFFICE

19  AND REPORTED DIRECTLY TO MR. HARDWICK.  DEFENDANT MAURYA

20  STARTED OUT AS THE FIRM'S ESCROW ACCOUNT CONTROLLER AND,

21  EVENTUALLY, SHE BECAME THE CFO OF THE FIRM'S CLOSING DIVISION

22  IN ATLANTA.

23          MR. HARDWICK SUPERVISED THE FINANCIAL MANAGEMENT OF

24  THE FIRM, INCLUDING THE FIRM'S ACCOUNTING AND BANKING

25  OPERATIONS.  MHS HAD MANY OPERATING ACCOUNTS AS WELL AS

1    ATTORNEY ESCROW ACCOUNTS AT MULTIPLE FINANCIAL INSTITUTIONS.

2    AND DURING PERIODS OF HIGH ACTIVITY IN THE RESIDENTIAL REAL

3    ESTATE MARKET, MHS PERFORMED LITERALLY THOUSANDS OF RESIDENTIAL

4    REAL ESTATE CLOSINGS PER MONTH.  AND THE FIRM ALSO RECEIVED,

5    HELD FOR SAFEKEEPING IN ITS ATTORNEY ESCROW ACCOUNTS, AND

6    DISBURSED HUNDREDS OF MILLION DOLLARS EACH MONTH.  THAT MONEY

7    WOULD BE LOAN PROCEEDS FOR THE REAL ESTATE TRANSACTIONS THAT

8    THE FIRM WAS CLOSING.

9         AT THE DIRECTION OF MR. HARDWICK, DEFENDANT MAURYA

10   USED INTERSTATE WIRE TRANSFERS TO DIVERT FUNDS FROM MHS'S

11   OPERATING ACCOUNTS AND ATTORNEY ESCROW ACCOUNTS TO GIVE

12   HARDWICK DISTRIBUTIONS, BONUSES, AND OTHER PAYMENTS TO WHICH HE

13   WAS NOT ENTITLED.

14        MR. HARDWICK AND DEFENDANT MAURYA HID DEFENDANT

15   HARDWICK'S EXCESS DISTRIBUTIONS, BONUSES, AND OTHER PAYMENTS

16   FROM MHS'S OTHER EQUITY PARTNERS OR SHAREHOLDERS BY MEANS OF

17   FALSE STATEMENTS, HALF TRUTHS, AND THE OMISSION OF MATERIAL

18   FACTS.  AND AT MR. HARDWICK'S DIRECTION, DEFENDANT MAURYA

19   MANUFACTURED AND DISTRIBUTED SHAREHOLDER DISTRIBUTION REPORTS

20   THAT INTENTIONALLY UNDERSTATED THE AMOUNT OF MONEY THAT MR.

21   HARDWICK HAD TAKEN FROM THE FIRM'S ACCOUNTS.

22        WHEN THE CONSPIRACY BEGAN TO UNRAVEL IN JULY 2014,

23   MR. HARDWICK OBTAINED AND ATTEMPTED TO OBTAIN UNDER FALSE

24   PRETENSES MILLIONS OF DOLLARS IN LOANS SO THAT HE COULD REPAY

25   PART OF THE MONEY THAT HE HAD STOLEN FROM MHS.  WHEN HIS EQUITY

24

1    PARTNERS AND OTHERS DEMANDED AN EXPLANATION, MR. HARDWICK

2    CLAIMED THAT HE HAD BEEN, QUOTE, OVERDISBURSED, CLOSED QUOTE.

3    AND HE TRIED TO PIN THE BLAME ON DEFENDANT MAURYA.

4              FINALLY, IF THIS CASE WERE TO GO TO TRIAL ON THE

5    CONSPIRACY CHARGE IN COUNT ONE OF THE INDICTMENT, THE

6    GOVERNMENT WOULD PROVE AS OVERT ACTS THE WIRE FRAUD

7    TRANSACTIONS DESCRIBED IN COUNTS TWO THROUGH 19 OF THE

8    INDICTMENT.

9              THE COURT:  ALL RIGHT.  THANK YOU, SIR.

10             MS. MAURYA, YOU HAVE HEARD THE FACTUAL BASIS RENDERED

11   BY THE GOVERNMENT JUST NOW.  MA'AM, IS THERE ANY PORTION OF

12   THAT FACTUAL BASIS WITH WHICH YOU DISAGREE?

13             THE DEFENDANT:  NO, MA'AM.

14             THE COURT:  ALL RIGHT.  SO TO THE CHARGE OF

15   CONSPIRACY TO COMMIT WIRE FRAUD AS SET FORTH IN COUNT ONE OF

16   THE INDICTMENT, WHAT IS YOUR PLEA?

17             THE DEFENDANT:  GUILTY.

18             THE COURT:  AND ARE YOU ENTERING THIS GUILTY PLEA

19   BECAUSE YOU ARE IN FACT GUILTY?

20             THE DEFENDANT:  YES.

21             THE COURT:  I DO FIND THAT THERE IS A FACTUAL BASIS

22   TO SUPPORT YOUR GUILTY PLEA.  AND BASED ON THE MANNER IN WHICH

23   YOU'VE COMMUNICATED WITH ME IN COURT TODAY, IT DOES APPEAR THAT

24   YOU UNDERSTAND THE PLEA THAT YOU ARE ENTERING.  SO I DO ACCEPT

25   YOUR GUILTY PLEA TO COUNT ONE.

1          MA'AM, IS THERE ANYTHING THAT I HAVE SAID DURING THIS

2     HEARING THAT YOU NEED ME TO REPEAT OR CLARIFY FOR YOU?

3          THE DEFENDANT:  NO.

4          THE COURT:  ALL RIGHT.  IT IS TYPICALLY MY POLICY TO

5     GO AHEAD AND ISSUE A SENTENCING DATE AT THIS TIME.  BUT GIVEN

6     THE CIRCUMSTANCES IN THAT THERE IS A TRIAL SCHEDULED FOR

7     FEBRUARY ON THE CODEFENDANT, MR. PHILLIPS, I'LL ASK YOU FIRST,

8     AND THEN I'LL DEFER TO YOU, AS WELL, MR. PATE, IS THE PLAN JUST

9     TO ALLOW THIS SENTENCING DATE TO STAY OPEN UNTIL AFTER THAT

10    TRIAL?

11         MR. PHILLIPS:  THE GOVERNMENT REQUESTS THAT THE COURT

12    POSTPONE DEFENDANT MAURYA'S SENTENCING UNTIL AFTER THE HARDWICK

13    TRIAL.

14         THE COURT:  AND IS IT YOUR POSITION THAT ANYTHING

15    SHOULD CHANGE REGARDING ANY BOND CONDITIONS IN THAT -- DURING

16    THAT TIME?

17         MR. PHILLIPS:  NO, YOUR HONOR.

18         THE COURT:  ALL RIGHT.  MR. PATE, ANYTHING FROM YOU?

19         MR. PATE:  NO, YOUR HONOR.  WE AGREE WITH THAT.

20         THE COURT:  OKAY.  AND I THINK EARLIER I MAY HAVE

21    CALLED YOU MR. PAGE.  I AM SURE YOU GET THAT A LOT.  I CAUGHT

22    THAT AT SOME POINT.  SO I APOLOGIZE.

23         MR. PATE:  NO PROBLEM, JUDGE.

24         THE COURT:  THANK YOU.  ALL RIGHT.  IS THERE ANYTHING

25    ELSE AT THIS -- AND I'LL TRY NOT TO DO THAT AGAIN.

26

1          IS THERE ANYTHING ELSE FOR PURPOSES OF THIS HEARING,

2  MR. PHILLIPS?

3          MR. PHILLIPS:  NO, YOUR HONOR.

4          THE COURT:  ANYTHING ON BEHALF OF MS. MAURYA, MR.

5  PATE?

6          MR. PATE:  NO, YOUR HONOR.  THANK YOU.

7          THE COURT:  ALL RIGHT.  THANK YOU SO MUCH.  WE'RE

8  ADJOURNED.

9          FOR OUR 1:30 HEARING, I'LL BE BACK OUT IN A FEW

10  MINUTES.  THANK YOU.

11          THE COURTROOM SECURITY OFFICER:  ALL RISE.  COURT'S

12  IN RECESS.

13                  (PROCEEDINGS CONCLUDED AT 1:33 P.M.)

14                       -   -   -

15

16

17

18

19

20

21

22

23

24

25

27

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF GEORGIA

3    CERTIFICATE OF REPORTER

4

5

6          I DO HEREBY CERTIFY THAT THE FOREGOING PAGES ARE A

7    TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN DOWN BY

8    ME IN THE CASE AFORESAID.

9          THIS, THE 23RD DAY OF MAY, 2017.

10

11

12

13                    /S/ ELIZABETH G. COHN

                      _____
14                    ELIZABETH G. COHN, RMR, CRR
                      OFFICIAL COURT REPORTER

15

16

17

18

19

20

21

22

23

24

25