# EXHIBIT C

Nos. 19-10746-C and 19-12108-C

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ASHA MAURYA,

*Defendant-Appellant.*

On appeal from the United States District Court
for the Northern District of Georgia
No. 1:16-CR-065-ELR-CMS

## BRIEF OF APPELLEE
## THE UNITED STATES OF AMERICA

BYUNG J. PAK
*United States Attorney*

WILLIAM G. TRAYNOR
*Assistant United States Attorney*

600 United States Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303
(404) 581-6000

Nos. 19-10746-C and 19-12108-C

*United States of America v. Asha Maurya*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In addition to those listed in Appellant's brief, the following

people and entities have an interest in the outcome of this appeal:

Horn, John A., former United States Attorney

Traynor, William G., Assistant United States Attorney

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case. The issues and positions of the parties, as presented in the record and briefs, are sufficient to enable the Court to reach a just determination.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure
Statement ............................................................................ C-1

Statement Regarding Oral Argument ................................................ i

Table of Contents ........................................................................ ii

Table of Citations ....................................................................... iii

Statement of Jurisdiction ............................................................. vi

Statement of the Issues ................................................................ 1

Statement of the Case .................................................................. 2

    A. Course of Proceedings and Disposition Below .................... 2

    B. Statement of the Facts ........................................................ 3

    C. Standard of Review .......................................................... 4

Summary of the Argument ........................................................... 6

Argument and Citations of Authority ........................................... 7

1. The district court committed plain error in using the 2018
   Guidelines to calculate Maurya's sentence. ............................... 7

2. The restitution order should be vacated. ................................ 10

Conclusion ................................................................................ 13

Certificate of Compliance and Service ........................................ 14

# TABLE OF CITATIONS

Page(s)

**Federal Cases**

*Calder v. Bull,*

    3 Dall. 386, 1 L. Ed. 648 (1798) .......................................7

*Molina-Martinez v. United States,*

    136 S. Ct. 1338 (2016) ........................................................9

\*Peugh v. United States,*

    569 U.S. 530 (2013) ........................................................7, 8

*Rosales-Mireles v. United States,*

    138 S. Ct. 1897 (2018) ........................................................9

*United States v. Abraham,*

    386 F.3d 1033 (11th Cir. 2004) ......................................4, 9

*United States v. Baldwin,*

    774 F.3d 711 (11th Cir. 2014) ..........................................11

*United States v. Campbell,*

    473 F.3d 1345 (11th Cir. 2007) ........................................11

*United States v. Cruz,*

    946 F.2d 122 (11th Cir. 1991) ..........................................11

\*United States v. Elbeblawy,*

    899 F.3d 925 (11th Cir. 2018) ........................................7, 8

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

*United States v. Huff*,

    609 F.3d 1240 (11th Cir. 2010)......................................................12

*United States v. Jones*,

    899 F.2d 1097 (11th Cir. 1990)......................................................11

*United States v. Laws*,

    278 F. App'x 943 (11th Cir. 2008) ..................................................12

*\*United States v. Martin*,

    803 F.3d 581 (11th Cir. 2015)........................................................10

*United States v. McDaniel*,

    631 F.3d 1204 (11th Cir. 2011)........................................................5

*United States v. Robertson*,

    493 F.3d 1322 (11th Cir. 2007)........................................................5

*United States v. Singletary*,

    649 F.3d 1212 (11th Cir. 2011)......................................................12

**Federal Statutes**

18 U.S.C. § 3231 .........................................................................vi

18 U.S.C. § 3553(a)(4)(ii) ................................................................7

18 U.S.C. § 3664(e) .......................................................................10

18 U.S.C. § 3742 .........................................................................vi

28 U.S.C. § 1291 .........................................................................vi

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

iv

**Federal Rules**

Fed. R. App. P. 4(b)(1)(A) ........................................................ vi

Fed. R. App. P. 32(a)(5)........................................................... 14

Fed. R. App. P. 32(a)(6)........................................................... 14

Fed. R. App. P. 32(a)(7)(B)...................................................... 14

Fed. R. App. P. 32(f) ............................................................... 14

Fed. R. Crim. P. 52(b)........................................................... 6, 9

**Federal Sentencing Guidelines**

U.S.S.G. Amendment 792............................................................ 3

U.S.S.G. § 2B1.1(b)(2)(A)(iii)................................................. 3, 4, 8

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

Nos. 19-10746-C and 19-12108-C

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ASHA MAURYA,

*Defendant-Appellant.*

## STATEMENT OF JURISDICTION

(A) The district court had subject matter jurisdiction over this criminal case under 18 U.S.C. § 3231.

(B) The Court of Appeals has jurisdiction over this direct appeal from the judgment and sentence of the district court under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

(C) While not jurisdictional, the notice of appeal was timely filed on February 26, 2019, within 14 days of the entry of the district court's judgment and commitment order, on February 20, 2019. Fed. R. App. P. 4(b)(1)(A).

(D) This appeal is from a final judgment and commitment order that disposes of all the parties' claims.

## STATEMENT OF THE ISSUES

1. Whether the defendant's sentence should be vacated when the district court plainly erred in imposing a sentence in violation of the ex post facto clause?

2. Whether the restitution order should be vacated when the district court made no factual findings to support the amounts the defendant was ordered to pay in restitution?

## STATEMENT OF THE CASE

**A. Course of Proceedings and Disposition Below**

On February 9, 2016, the Grand Jury for the Northern District of Georgia issued an indictment that charged Defendant Asha Maurya in Count 1 with conspiring with Nathan Hardwick to defraud the Morris Hardwick Schneider LLC law firm (MHS) and associated business entities through a wire fraud scheme. (Doc. 1-Count 1.) Counts 2-19 charged Maurya and Hardwick with aiding and abetting each other in defrauding MHS through another wire fraud scheme. (*Id.* at Counts 2-19.) Counts 24-34 charged Maurya with defrauding MHS through a mail fraud and credit card fraud scheme that did not involve Hardwick. (*Id.* at Counts 24-34.)

On May 11, 2017, Maurya entered a negotiated plea of guilty to Count 1. (Docs. 111, 112.)

At the sentencing hearing on February 12, 2019, the district court included in Maurya's Guidelines a two-level enhancement because her offense caused two victims to suffer substantial financial hardship. (PSR ¶ 91; Doc. 340-21). The court concluded that Maurya's adjusted Guidelines offense level was 20, at Criminal History category I, which yielded an advisory custody Guidelines range of 33-41 months. (Doc. 340-31.) Both parties requested a prison sentence of 33 months. (*Id.* at 44, 53.) The court varied upward and imposed a sentence of 84

2

months because of Maurya's repeated and egregious conduct, the number of people she harmed, and the need to "provide sufficient punishment and adequate deterrence, especially specific deterrence." (*Id.* at 62, 65).

On May 10, 2019, the district court conducted a restitution hearing, and then issued an order requiring Maurya to pay $40,307,431 in restitution, jointly and severally with Hardwick. (368-1; 369). Maurya filed timely notices of appeal. (Docs. 333, 372). She is incarcerated.

**B. Statement of the Facts**

Maurya pleaded guilty to conspiring with Hardwick to commit wire fraud to steal millions of dollars from the MHS and related entities. (Docs. 1, 111, 112.) The indictment charged that their wire fraud conspiracy began no later than 2011, and continued through August 2014. (Doc. 1-1.)

Effective November 1, 2015, the multiple victim provisions of the fraud Guideline were amended to add enhancements based upon the number of victims who suffered "substantial financial hardship" because of the offense. United States Sentencing Commission, *Guidelines Manual, Supplement to Appendix C* at 110-14, Amendment 792 (Nov. 1, 2015) ("Amendment 792"). This case hinges on Guideline § 2B1.1(b)(2)(A)(iii), which was amended to add a two-level

3

enhancement when the offense caused one or two victims to suffer substantial financial hardship. (*Id.*)

The Probation Officer prepared Maurya's PSR using the 2018 Guidelines Manual. (PSR ¶ 87.) Neither party objected to the use of the 2018 Guidelines. The PSR recommended increasing Maurya's offense level by two levels under § 2B1.1(b)(2)(A)(iii) because her offense caused substantial financial hardship to two of Hardwick's defrauded former partners. (PSR ¶ 91.) At the sentencing hearing, the district court overruled Maurya's objection and applied this enhancement, which increased her offense level by two levels. (Doc. 340-3-4, 21).

The district court conducted a hearing on Maurya's restitution on May 9, 2019. (Doc. 370.) Later that day, it issued an order requiring Maurya and Hardwick to pay $40,307,431 in restitution, jointly and severally. (Doc. 368.) The order does not contain any findings of fact. (*Id.*)

**C. Standard of Review**

1. This Court reviews *de novo* a defendant's claim that his sentence was imposed in violation of the ex post facto clause of the Constitution—but if the defendant failed to raise this claim in the district court, this Court reviews it for plain error. *United*

4

*States v. Abraham*, 386 F.3d 1033, 1037 (11th Cir. 2004), *cert. denied*, 546 U.S. 934 (2005).

2. This Court reviews *de novo* the legality of a restitution order, but reviews for clear error the factual findings underlying the order. *United States v. McDaniel*, 631 F.3d 1204, 1207 (11th Cir. 2011). This Court reviews the amount of the district court's restitution award for abuse of discretion. *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007), *cert. denied*, 552 U.S. 1212 (2008).

## SUMMARY OF THE ARGUMENT

Maurya's sentence violates the ex post facto clause of the Constitution, in that the district court calculated her Guidelines range including a two-level enhancement that did not become effective until a year after her criminal conspiracy ended. This was plain error, and Maurya is entitled to relief under Federal Rule of Criminal Procedure 52(b) because there is nothing in the record that indicates that the district court would have imposed its sentence regardless of the defendant's Guidelines range. Her prison sentence should be vacated, and the case remanded for re-sentencing under the 2013 Guidelines.

The district court's order requiring Maurya to pay over $40 million in restitution does not include any findings of fact. The order should be vacated, and the case remanded to allow the district court to issue a new order with the necessary factual findings.

## ARGUMENT AND CITATIONS OF AUTHORITY

**1. The district court committed plain error in using the 2018 Guidelines to calculate Maurya's sentence.**

Maurya's sentence violated the ex post facto clause because her Guidelines score included a two-level increase that did not become effective until after her wire fraud conspiracy ended. The record is silent as to what sentence the district court might have imposed regardless of the Guidelines, or considering the correct Guidelines range. Consequently, Supreme Court and this Court's precedent requires that Maurya's sentence be vacated.

The constitutional prohibition against ex post facto laws forbids, among other things, "every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh v. United States*, 569 U.S. 530, 532 (2013) (citing and quoting *Calder v. Bull*, 3 Dall. 386, 390, 1 L. Ed. 648 (1798)). Though the Guidelines are advisory, the ex post facto clause applies to them because they are usually the basis of the sentences that defendants receive. *Peugh*, 569 U.S. at 536-37, 542.

A defendant is ordinarily sentenced under the Guidelines that are in effect on the date of her sentencing. 18 U.S.C. § 3553(a)(4)(ii); *United States v. Elbeblawy*, 899 F.3d 925, 939 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1322 (2019). The exception to this general rule

arises when the Guidelines in effect on the defendant's sentencing date include amendments that (1) were not in effect when she committed her criminal conduct, and (2) increase her custody Guidelines range. *Peugh*, 569 U.S. at 544; *Elbeblawy*, 899 F.3d at 939. Subjecting a defendant to a higher sentencing range based on amendments that took effect after she committed her crime violates the ex post facto clause. *Peugh*, 569 U.S. at 533; *Elbeblawy*, 899 F.3d at 939. In such a case, the sentencing court should use the Guidelines that were in effect at the time of the defendant's offense. *Peugh*, 569 U.S. at 533; *Elbeblawy*, 899 F.3d at 939.

The Guidelines that were in effect at Maurya's sentencing contained the two-level substantial-hardship enhancement in § 2B1.1(b)(2)(A)(iii) that was added in November 2015. This enhancement could be included in the calculation of Maurya's Guidelines range only if her criminal conduct continued until after the amendment became effective. *Elbeblawy*, 899 F.3d at 939. But her criminal conduct—the wire fraud conspiracy charged in Count 1— ended in August 2014. (Doc. 1-1.) Accordingly, she should have been sentenced based on the 2013 Guidelines, which were in effect in August 2014. *Peugh*, 569 U.S. at 533; *Elbeblawy*, 899 F.3d at 939.

Maurya did not object to the district court's use of the 2018 Guidelines. Consequently, this Court reviews her ex post facto claim

8

for plain error. *Abraham*, 386 F.3d at 1037. A defendant who shows

that she was sentenced under a mistaken application of an incorrect,

higher Guidelines range usually demonstrates plain error that

warrants relief under Federal Rule of Criminal Procedure 52(b).

*Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907-09 (2018);

*Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016).

"Absent unusual circumstances, [the defendant] will not be required

to show more" to establish plain error. *Molina-Martinez*, 136 S. Ct. at

1347. Circumstances that would contradict a claim of plain error

would include a record that shows "that the district court thought the

sentence it chose was appropriate irrespective of the Guidelines

range." *Id.* at 1346. The record in this case does not include any

"unusual circumstances" that preclude a finding of plain error.

Therefore, the United States must concede that Maurya's sentence

should be vacated, and the case should be remanded for re-sentencing

under the 2013 Guidelines.

Maurya raises other arguments in her appeal against the

application of the financial-hardship enhancement to the facts of her

case, and against the substantive reasonableness of her sentence.

(Defendant's brief at 21-35, 49-55.) This Court need not address these

claims in light of the plain error in the calculation of her Guidelines

range.

## 2. The restitution order should be vacated.

The district court made no factual findings to support its restitution order. (Doc. 368.) Moreover, the parties were not given the opportunity to object to the court's findings of fact, conclusions or law, or the manner in which the sentence was imposed. Consequently, the restitution order should be vacated, and the case remanded so that the court can issue a new order with the necessary factual findings, and so the parties will have the opportunity to make any objections.

Restitution is intended to make the victims whole for the losses caused by the defendant's fraud. *United States v. Martin*, 803 F.3d 581, 594 (11th Cir. 2015). The amount of a restitution awarded to each victim must be based on the amount of loss actually caused by the defendant's conduct. *Id*. at 595. Because the determination of a restitution amount is an inexact science, the United States "need not calculate the victim's actual loss with laser-like precision, but may instead provide a 'reasonable estimate' of that amount." *Id*. The United States bears the burden of establishing the amount of a victims' loss by a preponderance of the evidence. *Id*.; 18 U.S.C. § 3664(e). Loss and restitution calculations may be based on evidence heard during trial, undisputed statements in the PSR, or evidence

presented at sentencing. *United States v. Baldwin*, 774 F.3d 711, 727-28
(11th Cir. 2014).

After imposing sentence, "the district court must give the parties
an opportunity to object to the court's ultimate findings of fact,
conclusions of law, and the manner in which the sentence is
pronounced, and must elicit a full articulation of the grounds upon
which any objection is based." *United States v. Campbell*, 473 F.3d
1345, 1347 (11th Cir. 2007) (citing *United States v. Jones*, 899 F.2d
1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States
v. Morrill*, 984 F.2d 1136 (11th Cir. 1993)). In the event of a *Jones*
violation, this Court will "normally vacate the sentence and remand to
the district court to give the parties an opportunity to present their
objections." *Campbell*, 473 F.3d at 1347. "A remand is unnecessary,
however, when the record on appeal is sufficient to enable review." *Id.*
(citing *United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991)
(noting there was a *Jones* violation "because the district court
summarily concluded the sentencing hearing without giving Cruz the
opportunity to object to its ultimate factual findings and legal
conclusions," but finding that "the record [was] sufficient for
meaningful appellate review").

11

The district court must explain its restitution determination with sufficient clarity to enable this Court to perform its function of appellate review. *United States v. Huff*, 609 F.3d 1240, 1248 (11th Cir. 2010). "To enable meaningful appellate review, a district court's calculation of restitution must be supported by specific factual findings." *United States v. Singletary*, 649 F.3d 1212, 1222 (11th Cir. 2011) (vacating restitution order because of lack of factual findings regarding the victims' losses); *see also United States v. Laws*, 278 F. App'x 943, 945 (11th Cir. 2008) (vacating restitution order because the amount was disputed, and the district court did not resolve the dispute by a preponderance of the evidence and did not "assign specific reasons for its decision") (internal citation omitted).

In this case, the restitution order is not supported by specific factual findings, which precludes meaningful appellate review. *Singletary*, 649 F.3d at 1222; *Huff*, 609 F.3d at 1249. Accordingly, the order should be vacated, and the case remanded so that the district court can make the necessary factual findings, and the parties will have the opportunity to lodge any objections to the court's findings of fact, conclusions of law, and the manner in which the sentence is imposed.

## CONCLUSION

The United States respectfully requests that this Court vacate Maurya's sentence and restitution order. The United States requests that this Court remand the case for re-sentencing under the 2013 Guidelines, and remand the restitution order for supplementation with factual findings.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

WILLIAM G. TRAYNOR
*Assistant United States Attorney*

13

## CERTIFICATE OF COMPLIANCE AND SERVICE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 word processing software in 14-point Goudy Old Style.

This brief complies with the 13,000 word type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, according to the word processing software, it contains 2,199 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

Today, this brief was uploaded to the Court's website using the CM/ECF system, which automatically sends notification to the parties and counsel of record:

> NAVEEN RAMACHANDRAPPA, ESQ.
> JEFFREY CHEN, ESQ.
> Bondurant, Mixon & Elmore, LLP
> 1201 West Peachtree St., NW, Ste 3900
> Atlanta, GA 30309

December 10, 2019

> /s/ William G. Traynor
> WILLIAM G. TRAYNOR
> Assistant United States Attorney

14